UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MASSACHUSETTS

```
DAVID L. LaFOUNTAIN,           )
                               )
            Plaintiff,         )
                               )
v.                             )    CIVIL ACTION NO. 05-CV-30070
                               )
SPRINGFIELD TERMINAL RAILWAY   )
COMPANY,                       )
                               )
            Defendant.         )
```

JOINT PRETRIAL MEMORANDUM

I. SUMMARY OF THE EVIDENCE

   1. Plaintiff's Summary of Evidence

David LaFountain was employed as a welder by Springfield Terminal Railway Company from 1988 through February 2004. As a welder, he would arc weld to repair and rebuild switches, frogs, rail ends, switch points, point protectors, wheel bearings, frog guards and other track-related items. In a typical day, Mr. LaFountain would weld for five to six hours.

In 1994, Mr. LaFountain was hospitalized with a condition diagnosed as metal fume fever. Metal fume fever results from acute exposure to and inhalation of fumes or smoke of volatized metals. As a result of his metal fume fever, Mr. LaFountain was hospitalized. After his hospitalization in 1994, STRC provided Mr. LaFountain with a 3M "welding mask" to protect his lungs. Mr. LaFountain and other railroad employees requested that Springfield

1

Terminal Railway Company provide more effective respiratory masks to protect them from the fumes, but none were supplied.

In November 1997, Mr. LaFountain consulted Dr. Robert Ajello, the pulmonary specialist who treated him in 1994. Dr. Ajello's impression was that Mr. LaFountain was suffering from metal fume fever related to welding. Mr. LaFountain continued to work and continued to request, without success, a welding mask which would better protect him.

On April 17, 2002, when the temperature was 95 degrees, Mr. LaFountain's metal fume fever sent him to North Adams Hospital, where he collapsed and was admitted for treatment. After his release, Mr. LaFountain went back to work as a welder on the railroad, under the same conditions. Eventually, upon the recommendations of his treating physicians, he stopped working at STRC and applied to the Railroad Retirement Board for disability annuity. In the opinion of his physicians, if he had continued to work on the railroad under the existing conditions, he would have continued to be hospitalized with metal fume fever and had the potential for long-term lung damage.

2. <u>Defendant's Summary of Evidence</u>

In summary, the defendant will offer evidence as follows: The condition known as "metal fume fever" is a self-limited, influenza-like syndrome resulting from acute exposure to fumes or smoke of zinc, copper, magnesium, or other volatized metals. The syndrome begins several hours after work and resolves within 24 hours, only

to return on repeated exposure. The disease does not result in any chronic lung disease, and it is self-limited.

The plaintiff was employed by the defendant as a welder. Virtually all of his welding work was done outdoors in ventilated areas. He never welded galvanized metals and was not exposed to zinc fumes. Track fans for use by the welders were made available for the dispersal of welding fumes. Respirator filter masks were provided to the welders. Mr. LaFountain has a history of smoking one pack or more of cigarettes for 25 years. He has a history of diabetes and esophageal dysmotility. Pulmonary function tests performed in 1994 and 2000 indicated severe obstructive airway disease.

The plaintiff also has a history of both left and right carpal tunnel syndrome surgery in 1994. He also has a history of neck, knee and back pain. An MRI scan in June 2004 indicated lumbar degenerative disc disease. In July and August 2004, Mr. LaFountain complained of severe back pain and was given epidural injections.

Mr. LaFountain terminated his employment with the defendant in February 2004. In August 2004, he applied to the Railroad Retirement Board for a Disability Annuity. In his application for disability he listed medical conditions as follows: "Lung Poisoning - Bronchial ecticz - lower back pain - compressed upper neck pain, 3,4,5,6, and Diabetes Type II."

In answer to the question, "Describe how your condition prevents you from working," Mr. LaFountain stated, "Unable to bend,

stoop, walk for short period."

In summary, the evidence will show that metal fume fever dose not result in bronchiectasis or chronic obstructive pulmonary disease.

### Liability Issue

The fact that the plaintiff sustained a brief episode or episodes of "metal fume fever" does not establish that the defendant failed to provide a reasonably safe workplace as required by FELA.

II. ESTABLISHED FACTS

The defendant was a railroad in interstate commerce. The plaintiff was employed as a welder by the defendant from approximately 1985 to 2004.

III. CONTESTED FACTS

The plaintiff alleges that the defendant's failure to provide him with proper equipment resulted in his disability.

The defendant denies that the plaintiff's current disability was caused by any act or omission of the defendant.

IV. JURISDICTIONAL QUESTIONS

None.

V. PENDING MOTIONS

None.

VI. ISSUES OF LAW

The defendant is not liable for "wear and tear" resulting from employment on a railroad. Conrail v. Gottshall, 512 U.S. 532

4

(1994).

The defendant is liable if its negligence played an part, even the slightest, in the plaintiff's disability. Rogers v. Missouri Pacific Railroad Company, 352 U.S. 500, reh'g denied, 353 U.S. 943 (1957); Moody v. Maine Cent. R. Co., 823 F.2d 693, 695 (1st Cir. 1987).

VII. AMENDMENTS TO PLEADINGS

None.

VIII. ADDITIONAL MATTERS

None.

IX. LENGTH OF TRIAL

Three full days or five half days.

X. WITNESSES

1. Plaintiff's Witnesses

Vernon E. Rose, Ph.D., expert concerning liability.

John Landis, M.D., treating physician.

Robert Ajello, M.D., treating physician.

Steven Esrick, M.D., treating physician.

Chet Danielson, STRC, testimony concerning equipment STRC provided to welders and welding conditions.

Paul Marzilli, STRC, testimony concerning equipment STRC provided to welders and welding conditions.

Tim Georges, STRC, testimony concerning equipment STRC provided to welders and welding conditions.

Gerald Kuzmeskus, STRC, testimony concerning equipment

STRC provided to welders and welding conditions.

Bradley Winters, union official, testimony concerning equipment STRC provided to welders and welding conditions.

Vinay Mudholkar, STRC, testimony concerning equipment STRC provided to welders and welding conditions.

John Law, STRC, testimony concerning equipment STRC provided to welders and welding conditions.

Phil Corder, STRC, testimony concerning equipment STRC provided to welders and welding conditions.

David Nagy, STRC, testimony concerning equipment STRC provided to welders and welding conditions.

Other individuals on the STRC welding roster, testimony concerning welding equipment and welding conditions.

2. Defendant's Witnesses

Phil Corder, STRC.

David Nagy, STRC.

Barry W. Levine, M.D., Massachusetts General Hospital, Boston, MA. Dr. Levine's testimony will likely be presented by audio-visual deposition.

XI. EXHIBITS

1. Plaintiff's Exhibits

The plaintiff's exhibits will consist of documents related to STRC's compliance and/or noncompliance with 29 C.F.R. 1910.132, material safety data sheets, documents concerning various types of welding masks supplied and/or not supplied by STRC and Mr.

LaFountain's medical records.

    2.   Defendant's Exhibits

It is anticipated that the majority of exhibits will consist of medical records and reports.

XII. OBJECTIONS TO EVIDENCE

At this time, the defendant is unaware of disputed evidentiary matters.

                                Respectfully submitted,
                                The plaintiff,
                                By his attorney,

Dated: October 12, 2006     /s/ Thomas Lesser
                                Thomas Lesser, BBO No. 295000
                                Lesser, Newman, Souweine & Nasser
                                39 Main Street
                                Northampton, MA 01060
                                413-584-7331

                                The defendant,
                                By its attorney,

Dated: October 12, 2006     /s/ James J. Walsh
                                James J. Walsh, Esq.
                                Herlihy, Thursby & Herlihy
                                133 Federal Street
                                Boston, MA 02110

                          CERTIFICATE OF SERVICE

I, Thomas Lesser, hereby certify that on the twelfth day of October, 2006, the foregoing document was filed electronically and will be served electronically on the defendant's counsel of record: registered ECF participant James J. Walsh, Esq., Herlihy, Thursby & Herlihy, 133 Federal Street, Boston, MA 02110.

                                /s/ Thomas Lesser